# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY MURRAY, | Case No.: 1:12-cv-00552-LJO-SKO |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S COMPLAINT BE DISMISSED** |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | **OBJECTIONS DUE: 21 DAYS** |
| Defendant. | |

## I. INTRODUCTION

On April 5, 2012, Plaintiff filed a complaint against the Commissioner of Social Security ("Defendant" or "Commissioner"), appealing a denial of his application for social security benefits. (Doc. 1.) The Court issued a scheduling order (Doc. 5) as well as an amended informational order for pro se litigants (Doc. 9), setting forth the deadlines in the case and explaining what must be included in the briefs that Plaintiff is to file with the Court.

On October 4, 2012, Plaintiff was served with the administrative record. (Docs. 13, 14, 15.) Plaintiff was required to serve the Commissioner with a confidential letter brief within 30 days of service of the administrative record. Plaintiff sought an extension of time, which was granted, permitting Plaintiff until November 26, 2012, to serve his confidential letter brief on the Commissioner. (Doc. 17.)

On November 21, 2012, Plaintiff filed a statement that appears to be the "confidential" letter brief. (Doc. 18.) The Commissioner filed a certificate of service indicating that a responsive

confidential letter brief was served on Plaintiff on December 19, 2012. (Doc. 19.) Thus, Plaintiff was required to file an opening brief no later than January 22, 2013, but Plaintiff failed to do so. On February 22, 2013, the court issued an order requiring Plaintiff no later than March 1, 2013, to either file an opening brief or show cause why the case should not be dismissed for Plaintiff's failure to timely file an opening brief. Plaintiff failed to respond to the order to show cause.

## II.   DISCUSSION

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions, including, where appropriate . . . dismissal." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See*, *e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal without prejudice for failure to comply with local rule requiring pro se plaintiff to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

Dismissal, however, is "so harsh a penalty, it should be imposed as a sanction only in extreme circumstances." *Thomas*, 782 F.2d at 831. Therefore, in determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

*Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. As to the risk of prejudice to Defendant, this factor also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). Although public policy favors disposition of cases on their merits and thus generally weighs against dismissal, this factor is greatly outweighed by the factors in favor of dismissal.

As to the Court's consideration of less drastic alternatives, Plaintiff was provided the opportunity to show cause why he failed to file an opening brief or, in the alternative, to file an opening brief by March 1, 2013. (Doc. 20.) Plaintiff did not respond to the order to show cause. This attempt to engage Plaintiff in the litigation was unsuccessful, despite the warning that failure to respond to the order to show cause may result in dismissal. Currently, there is no reason to expect Plaintiff will "respond more satisfactorily to [an additional] round" of opportunities to comply with the Court's orders than he has previously. *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 948 (9th Cir. 1993). Therefore, in considering other less drastic alternatives, the Court finds that dismissal is appropriate.

### III. CONCLUSION AND RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the Complaint be DISMISSED pursuant to Local Rule 110, for Plaintiff's failure to file an opening brief and for failure to respond to or otherwise comply with the Court's February 22, 2013, order to show cause.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within twenty-one (21) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C.

§ 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   March 19, 2013**                                    /s/ Sheila K. Oberto
                                                              UNITED STATES MAGISTRATE JUDGE